# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL POLIDORO and <br> GABRIELLA POLIDORO, H/W, | : <br> : <br> : | CIVIL ACTION |
| Plaintiffs, | : <br> : | No. 17-4345 |
| v. | : <br> : | |
| WESTFIELD INSURANCE COMPANY, | : <br> : | |
| Defendant. | : <br> : | |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                                                               **APRIL 10, 2019**

Presently before the Court is Plaintiffs Michael Polidoro and Gabriella Polidoro's (collectively, "the Polidoros") Motion for a New Trial and Defendant Westfield Insurance Company's ("Westfield") Response in Opposition. For the reasons noted below, the Polidoros' Motion is dismissed.

## I.    BACKGROUND

This underinsured motorist ("UIM") case arises out of a May 29, 2012 motor vehicle accident. Michael Polidoro was a passenger in a "commercial box truck" owned by his then-employer, Custom Aire, Inc., when the truck was struck from behind. (Pls.' Mem. Law in Supp. Mot. New Trial, ECF No. 3.)[1] Westfield issued a policy of insurance to Custom Aire that covered the period in which the accident occurred.

---

[1] The Polidoros' Memorandum of Law in Support of Plaintiffs' Motion for New Trial is not independently paginated. Therefore, for sake of clarity, all citation references will be to the Electronic Case Filing ("ECF") page numbers.

Trial in this matter commenced on January 14, 2019 and concluded with a verdict in favor of Westfield on January 17, 2019. (Doc. No. 90.) During trial, Westfield conceded that the tortfeasor, Valeri Karnatsevitch, was responsible for the accident. (Pls.' Mem. Law in Supp. Mot. New Trial, ECF No. 3.) Westfield's trial defense centered largely on Michael Polidoro's lack of credibility. (Def.'s Br. in Opp'n Mot. New Trial 1.) Westfield also presented evidence that the accident was not the factual cause of the harm of which Michael Polidoro complained. (Pls.' Mem. Law in Supp. Mot. New Trial, Ex. A ("Verdict Form" (Doc. No. 89)) at 1.) The jury, however, determined that the accident was indeed the factual cause of the harm. (*Id.*) Yet, the jury failed to award any money damages. (*Id.*) The Polidoros now move for a new trial under Federal Rules of Civil Procedure 59(a) and 49(b), respectively.

## II. LEGAL STANDARD

### A. Rule 59(a)

"The court may, on motion, grant a new trial on all or some of the issues—and to any party . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). "Reasons for granting a new trial may include the following: '(1) there is a significant error of law, to the prejudice of the moving party; (2) the verdict is against the weight of the evidence; (3) the size of the verdict is against the weight of the evidence; or (4) counsel engaged in improper conduct that had a prejudicial effect on the jury.'" *Cradle of Liberty Council v. City of Phila.*, 851 F. Supp. 2d 936, 940 (E.D. Pa. 2012) (quoting *Sharrow v. Roy*, No. 08-0068, 2009 WL 3101031, at *1 (M.D. Pa. Sept. 23, 2009)). Determining whether to grant a new trial is within the sound discretion of the trial court. *See Wagner v. Fair Acres Geriatric Ctr.*, 49 F.3d 1002, 1017 (3d Cir. 1995).

A Rule 59(a)(1)(A) motion on the basis that the verdict was contrary to the weight of the evidence should be granted only when "a miscarriage of justice would result if the verdict were to stand." *Springer v. Henry*, 435 F.3d 268, 274 (3d Cir. 2006) (internal quotation marks omitted); *see also Marra v. Phila. Hous. Auth.*, 497 F.3d 286, 309 n.18 (3d Cir. 2007) ("[N]ew trials because the verdict is against the weight of the evidence are proper only when the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict on the record, cries out to be overturned or shocks our conscience."). This high standard is necessary "to ensure that a district court does not substitute its judgment of the facts and the credibility of the witnesses for that of the jury." *Fineman v. Armstrong World Indus.*, 980 F.2d 171, 211 (3d Cir. 1992) (internal quotation marks omitted).

**B.     Rule 49(b)**

"Under Rule 49, a jury may render either a general verdict or a special verdict. A general verdict is a 'verdict by which the jury finds in favor of one party or the other, as opposed to resolving specific fact questions.'" *Frank C. Pollara Grp., LLC v. Ocean View Inv. Holding, LLC*, 784 F.3d 177, 190 (3d Cir. 2015) (quoting Black's Law Dictionary 1555 (10th ed. 2014)). "When the answers are inconsistent with each other and one or more is also inconsistent with the general verdict, judgment must not be entered; instead, the court must direct the jury to further consider its answers and verdict, or must order a new trial." Fed. R. Civ. P. 49(b). However, "'[a] verdict must be molded consistently with a jury's answers to special interrogatories when there is any view of the case which reconciles the various answers.' 'Thus, a trial court is under a constitutional mandate to search for a view of the case that makes the jury's answers consistent.'" *Middlebrooks v. Teva Pharmaceuticals USA, Inc.*, No. 17-0412, 2019 WL 438092,

at *16 (E.D. Pa. Feb. 4, 2019) (quoting *McAdam v. Dean Witter Reynolds, Inc.*, 896 F.2d 750, 763–64 (3d Cir. 1990)).

## III. DISCUSSION

The Polidoros assert two grounds for a new trial. First, the Polidoros claim that they are entitled to a new trial under Federal Rule of Civil Procedure 59(a) because the verdict was against the weight of the evidence presented at trial. (Pls.' Mem. Law in Supp. Mot. New Trial, ECF Nos. 3–7.) Second, under Federal Rule of Civil Procedure 49(b), the Polidoros claim that the verdict of no monetary award was inconsistent with the jury's determination that the accident was a factual cause of harm to Michael Polidoro. (*Id.* at ECF Nos. 3, 7–8.) For the following reasons, we dismiss both of these claims.

### A. The Polidoros' Claim that the Verdict was against the Weight of the Evidence under Rule 59(a) is Dismissed for Failure to Prosecute

Local Rule of Civil Procedure 7.1(e) provides that:

> [w]ithin fourteen (14) days after filing any post-trial motion, the movant shall either (a) order a transcript of the trial by a writing delivered to the Court Reporter Supervisor, or (b) file a verified motion showing good cause to be excused from this requirement. Unless a transcript is thus ordered, or the movant excused from ordering a transcript, the post-trial motion may be dismissed for lack of prosecution.

Local R. Civ. P. 7.1(e).

"A number of courts in this District have recognized that post trial motions are subject to dismissal for failure to order a trial transcript based on this local rule." *Graves v. Women's Christian All.*, No. 01-5077, 2003 WL 21961390, at *2 (E.D. Pa. July 3, 2003) (citing *DiSalvio v. Lower Merion Sch. Dist.*, No. 00-5463, 2002 WL 1335140, at *1 (E.D. Pa. June 17, 2002); *Gause v. City of Phila.*, No. 00-1052, 2001 WL 1251215, at *3 (E.D. Pa. Sept. 27, 2001); *Valver v. Abdullah*, No. 00-1101, 2000 WL 1705772, at *1 (E.D. Pa. Nov. 3, 2000); *Williams v.*

*Rodriguez*, No. 97-4338, 2000 WL 230351, at *1 (E.D. Pa. Feb. 22, 2000); *Leibrand v. K-Mart*, No. 97-4947, 1998 WL 229675, at *1 (E.D. Pa. Apr. 30, 1998)); *see also Jallad v. Progressive Advanced Ins. Co.*, No. 16-4795, 2018 WL 2288514, at *2 (E.D. Pa. May 18, 2018) (Kelly, J.); *Schmidt v. Silver*, 89 F.R.D. 519, 520 (E.D. Pa. 1981). Indeed, post-trial motions based on references to the evidence require the transcript so that there can be a determination "if there was error and whether any error justifies a new trial." *Schmidt*, 89 F.R.D. at 520; *see also DiSalvio*, 2002 WL 1335140, at *1 ("A transcript is necessary when the complained of error concerns the preclusion of evidence."). The transcript is necessary in such a circumstance because "[t]o grant a new trial based on an incomplete record and memory would result in extreme prejudice to [the nonmoving party]." *Id.*

In the present case, the Polidoros have not ordered the trial transcript, nor have they submitted a verified motion showing good cause for being excused from ordering one. *See Jallad*, 2018 WL 2288514, at *2. The Polidoros argue a new trial is warranted because the verdict is against the weight of the evidence based on the concession by Westfield's expert that Michael Polidoro suffered an injury. (Pls.' Mem. Law in Supp. Mot. New Trial, ECF No. 3.) The Polidoros' claim is "precisely the type that requires the trial transcript because without it, there would be 'extreme prejudice to defendant.'" *See Jallad*, 2018 WL 2288514, at *2 (quoting *Schmidt*, 89 F.R.D. at 520) (dismissing for lack of prosecution plaintiff's claim that verdict was against the weight of the evidence where plaintiff failed to promptly order transcript).

The Polidoros' own Memorandum of Law highlights the importance of having the trial transcript in deciding post-trial motions. Their arguments routinely reference and cite to evidence presented at trial, including partial excerpts of video depositions that were played before the jury. (Pls.' Mem. Law in Supp. Mot. New Trial, ECF. Nos. 6–8.) The Polidoros rely

on these excerpts to show the credibility of their expert witnesses. (*Id.*) However, without the benefit of a complete record, we cannot evaluate the sufficiency of such evidence. *See Graves*, 2003 WL 21961390, at *2. Therefore, granting a new trial without a complete record would result in extreme prejudice to Westfield. *See Schmidt*, 89 F.R.D. at 520. Accordingly, the Polidoros' claim that the verdict was against the weight of the evidence must be dismissed for failure to prosecute.

> B. **The Polidoros' Claim for a New Trial Because of an Inconsistent Verdict was not Properly Preserved at Trial**

The Polidoros' second claim for a new trial is based on a perceived inconsistent verdict under Federal Rule of Civil Procedure 49(b). However, it appears that the claim was waived by the Polidoros' failure to raise such an objection before the jury was discharged. (Pls.' Mem. Law in Supp. Mot. New Trial, ECF Nos. 7–8.) It is well-settled law that "if a party fails to object to an inconsistency in a general verdict before the jury is excused, that party waives any objection in that regard." *Pollara Grp.*, 784 F.3d at 191 (citing *Loughman v. Consol-Pennsylvania Coal Co.*, 6 F.3d 88, 104 n.15 (3d Cir. 1993); *Simmons v. City of Phila.*, 947 F.2d 1042, 1056–57 (3d Cir. 1991)). Upon consideration of a timely objection, "the trial court, by simply explaining to the jury why a decision is problematic, can allow a jury to re-deliberate in order to return an error-free verdict."[2] *Fillmore v. Hill*, 665 A.2d 514, 517 (Pa. 1995). Westfield argues that the

---

[2] If we were to evaluate the Polidoros' claim of an inconsistent verdict, we find numerous cases where courts have upheld jury verdicts finding any potential harm was not compensable. *See, e.g.*, *Dougherty v. Marshalls of MA, Inc.*, 460 F. App'x 132, 136 (3d Cir. 2012) ("And even if the jury found that [plaintiff] suffered a concussion or facial lacerations, it still could have reasonably concluded that the injury was a mere 'transient rub of life' and 'not sever enough to warrant an award of damages.'"); *Mazur v. Kelchner*, 76 F. App'x 472, 475 (3d Cir. 2003) ("The jury's decision that [plaintiff] had not suffered any significant back pain was obviously based on disbelief of the testimony of plaintiff and [his expert doctor] coupled with its own observations of plaintiff's apparent pain-free mobility in the surveillance video shown by defendant."); *Dougherty v. Marshalls of MA, Inc.*, No. 08-3443, 2011 WL 1562251, at *6 (E.D. Pa. Apr. 26, 2011), *aff'd*, 460 F. App'x 132 (3d Cir. 2012) ("Even assuming that the jury found that Plaintiff indeed suffered some pain or discomfort (e.g., a concussion, a headache) as a result of the accident, the jury could conclude that the pain or discomfort was not significant enough to warrant compensation."); *Majczyk v. Oesch*, 789 A.2d 717, 726 (Pa. Super. Ct. 2001) ("[W]hile the jury may have concluded that appellant suffered some

6

Polidoros failed to object to an inconsistent verdict in a timely manner. (Def.'s Br. in Opp'n Mot. New Trial 7.) The Polidoros do not provide any argument or evidence that they did, in fact, raise a timely objection. Since the Polidoros do not assert that such an objection was raised, they cannot now raise the argument for the first time in their Motion for New Trial. *See Pollara Grp.*, 784 F.3d at 191. Therefore, the claim is dismissed.

IV. **CONCLUSION**

The Polidoros' Motion for a New Trial on the grounds that the verdict was against the weight of the evidence heavily relies on testimony presented to the jury at trial. Since they have failed to order the trial transcript or submit a verified motion providing good cause excusing their requirement from doing so, we must dismiss for lack of prosecution. Furthermore, the Polidoros' claim that they are entitled to a new trial on the grounds that the verdict was inconsistent was not properly preserved at trial, because they failed to timely raise an objection before the jury was discharged. Therefore, the claim was waived and must be dismissed. Accordingly, the Polidoros' Motion for a New Trial is dismissed.

An appropriate Order follows.

---

painful inconvenience for a few days or weeks after the accident, it may also have concluded that appellant's discomfort was the sort of transient rub of life for which compensation is not warranted.").